**[ORAL ARGUMENT NOT YET SCHEDULED]**

**No. 23-5017**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

————————————

NATIONAL SECURITY ARCHIVE,

Plaintiff-Appellant,

v.

CENTRAL INTELLIGENCE AGENCY,

Defendant-Appellee.

————————————

On Appeal from the United States District Court
for the District of Columbia

————————————

**BRIEF FOR DEFENDANT-APPELLEE**

————————————

BRIAN M. BOYNTON
  *Principal Deputy Assistant
  Attorney General*

SHARON SWINGLE
LEWIS S. YELIN
  *Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave. NW, Rm. 7239
  Washington, DC 20530
  (202) 514-3425*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), the undersigned counsel certifies as follows:

## 1. Parties

Plaintiff-Appellant is the National Security Archive.

Defendant-Appellee is the Central Intelligence Agency.

There were no amici curiae in the district court.

## 2. Rulings Under Review

The notice of appeal seeks review of the order of the United States District Court for the District of Columbia, James E. Boasberg, J., entered on October 4, 2022, [ECF 29], granting summary judgment to defendant Central Intelligence Agency, the accompanying memorandum opinion entered that same date, [ECF 30], and the order of November 16, 2022, [ECF 33], denying plaintiff National Security Archive's motion under Federal Rule of Civil Procedure 59(e).

### 3.  Related Cases

Plaintiff National Security Archive identifies *National Security Archive v. Defense Intelligence Agency*, No. 19-529 (D.D.C.), as a related case.  Br. ii.  We are aware of no related cases within the meaning of Circuit Rule 28.

*s/ Lewis S. Yelin*
Counsel for Defendant-Appellee

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. iv

GLOSSARY ...................................................................................................... vii

STATEMENT OF JURISDICTION .................................................................... 1

STATEMENT OF THE ISSUES ........................................................................ 2

PERTINENT STATUTES AND REGULATIONS ........................................... 3

STATEMENT OF THE CASE ........................................................................... 3

SUMMARY OF ARGUMENT .......................................................................... 9

STANDARD OF REVIEW ............................................................................... 11

ARGUMENT ................................................................................................... 11

I.    The Classified Declarations Establish that the Withheld
      Information Has Not Been Officially Acknowledged ........................... 11

II.   The Allegedly Public Nature of the Requested National-Security
      Information Does Not Make It Subject to Disclosure in the
      Absence of Official Acknowledgment ................................................... 16

CONCLUSION ................................................................................................ 19

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

iii

# TABLE OF AUTHORITIES[*]

**Cases:**                                                                            <u>**Page(s)**</u>

*Afshar v. Department of State,*
 702 F.2d 1125 (D.C. Cir. 1983)...................................................................15

*American Civil Liberties Union v. CIA,*
 710 F.3d 422 (D.C. Cir. 2013)..............................................................18-19

*Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice,*
 58 F.4th 1255 (D.C. Cir. 2023) .............................................................18

*Cottone v. Reno,*
 193 F.3d 550 (D.C. Cir. 1999)................................................................18

*Fitzgibbon v. CIA,*
 911 F.2d 755 (D.C. Cir. 1990).................................................................17

*Frugone v. CIA,*
 169 F.3d 772 (D.C. Cir. 1999).................................................................17

*Hamer v. Neighborhood Hous. Servs. of Chi.,*
 138 S. Ct. 13 (2017) .................................................................................2

*Isley v. Executive Office for U.S. Attorneys,*
 No. 98-5098, 1999 WL 1021934 (D.C. Cir. Oct. 21, 1999) ...............................18

*Knight First Amendment Inst. at Columbia Univ. v. CIA,*
 11 F.4th 810 (D.C. Cir. 2021) .............................................5, 6, 12, 13, 14, 16, 17

*Larson v. Department of State,*
 565 F.3d 857 (D.C. Cir. 2009)..................................................................8

*Mobley v. CIA,*
 806 F.3d 568 (D.C. Cir. 2015).................................................................17

---

[*] Authorities on which we chiefly rely are marked with an asterisk.

iv

*Montgomery v. Internal Revenue Serv.*,
  40 F.4th 702 (D.C. Cir. 2022) .............................................................. 11

*NationsBank, N.A. v. Plecas*,
  No. 95-7163, 1996 WL 244762 (D.C. Cir. Feb. 26, 1996) ................................... 1

*Students Against Genocide v. Department of State*,
  257 F.3d 828 (D.C. Cir. 2001) ............................................................. 17-18

*United States v. Three Sums Totaling $612,168.23 in Seized U.S. Currency*,
  55 F.4th 932 (D.C. Cir. 2022) ............................................................... 2

*Wolf v. CIA*,
  473 F.3d 370 (D.C. Cir. 2007) ............................................................. 17

**Statutes:**

5 U.S.C. § 552(a)(3)(A) ................................................................... 11

5 U.S.C. § 552(a)(6)(A)(i) ................................................................. 4

5 U.S.C. § 552(b) ...................................................................... 3, 11

5 U.S.C. § 552(b)(1) ...................................................................... 4

5 U.S.C. § 552(b)(3) ...................................................................... 4

22 U.S.C. § 4353(b)(1) .................................................................... 6

28 U.S.C. § 1291 .......................................................................... 1

28 U.S.C. § 2107(b) ....................................................................... 1

50 U.S.C. § 3024(i)(1) .................................................................... 4

**Rules:**

Fed. R. App. P. 4(a)(4)(A)(iv) ...................................................................... 1

Fed. R. Civ. P. 5(d)(4) ................................................................................ 1

Fed. R. Civ. P. 59(e) ............................................................................... 1, 8

**Other Authority:**

Exec. Order No. 13,526, § 1.7(c) (Dec. 29, 2009) ................................. 8, 9

# GLOSSARY

| | |
|---|---|
| CIA | Central Intelligence Agency |
| FOIA | Freedom of Information Act |

## STATEMENT OF JURISDICTION

The district court granted defendant's motion for summary judgment on October 4, 2022, and denied plaintiff's motion for relief under Federal Rule of Civil Procedure 59(e) on November 16, 2022.  [ECF 29, 33].  Plaintiff tendered a notice of appeal on January 13, 2023, and filed it on January 19, 2023.  [ECF 34, 35].  Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1291.

In this case, the combination of 28 U.S.C. § 2107(b) and Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) created an appeal deadline of January 16, 2023.  Although the district court clerk's office appears to have rejected plaintiff's notice of appeal on January 13, 2023, and the January 19, 2023, filing is after the deadline expired, it appears that plaintiff timely filed the notice by tendering it on January 13.  *See* Fed. R. Civ. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."); *NationsBank, N.A. v. Plecas*, No. 95-7163, 1996 WL 244762, at *1 (D.C. Cir. Feb. 26, 1996) (per curiam) ("Although appellant's notice of appeal as first submitted may not have conformed to Local Rule 104(c) [concerning membership in the court's bar], the district court clerk had a duty to file it.  *See* Fed. R. Civ. P. 5(e).

Accordingly, that notice of appeal was timely pursuant to Fed. R. App. P. 4(a).").  However, because the 60-day deadline is jurisdictional, we note the issue for the Court.  *See United States v. Three Sums Totaling $612,168.23 in Seized U.S. Currency*, 55 F.4th 932, 937-38 (D.C. Cir. 2022) ("If a time prescription … appears in a statute, the limitation is jurisdictional[] …." (first alteration in original) (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 20 (2017))).

## STATEMENT OF THE ISSUES

In this suit under the Freedom of Information Act (FOIA), plaintiff National Security Archive sought to compel defendant Central Intelligence Agency (CIA) to disclose a document that defendant withheld as exempt from disclosure under exemptions that permit withholding of classified information and information protected from disclosure by statute.  The issues are:

1.  Whether the district court correctly granted summary judgment to the CIA because plaintiff could not compel the disclosure of the requested document under the official-acknowledgment doctrine;

2.  Whether the district court correctly rejected plaintiff's argument that FOIA requires the CIA to disclose the document even in the absence of

2

official acknowledgment because the document allegedly is in the public

domain.

## PERTINENT STATUTES AND REGULATIONS

As relevant here, FOIA exempts from disclosure "matters that are—"

(1)(A) specifically authorized under criteria established by an
Executive order to be kept secret in the interest of national
defense or foreign policy and (B) are in fact properly classified
pursuant to such Executive order;

…

(3) specifically exempted from disclosure by statute (other than
section 552b of this title), if that statute—

> (A)(i) requires that the matters be withheld from the public
> in such a manner as to leave no discretion on the issue; or

> (ii) establishes particular criteria for withholding or refers
> to particular types of matters to be withheld.

5 U.S.C. § 552(b).

## STATEMENT OF THE CASE

1.  In August 2021, plaintiff submitted a FOIA request to the CIA

seeking a "January 9, 1989 'End of Tour Report (Addendum) General

Perroots'" (the Perroots Memo).  [ECF 1-2, at 3].  Plaintiff's request stated

that the Department of State Office of the Historian published "a transcribed

version of this letter … with limited redactions" in a volume of the *Foreign

Relations of the United States* series.  *Id.*  The request further stated that

3

the Department of State identified the CIA as the source of the document.

*Id.*  Nine days later, the CIA acknowledged receipt of plaintiff's request.

[ECF 1-3, at 3].  After not receiving a substantive response by October 2021,

plaintiff brought suit, seeking to compel disclosure.  [ECF 1]; *see* 5 U.S.C.

§ 552(a)(6)(A)(i).

In April 2022, the CIA informed plaintiff that it found a responsive

document that it would "release[] in segregable form with redactions made

on the basis of FOIA exemptions (b)(1)," which excepts from disclosure

properly classified information, "and (b)(3)," which pertains to information

specifically exempted from disclosure by statute, whether or not the

information is classified.  [ECF 23-1, at 49]; *see* 5 U.S.C. § 552(b)(1), (3)

(exemptions 1 and 3).  The CIA's letter explained that the information

withheld under exemption 3 was exempt from disclosure under Section

102A(i)(1) of the National Security Act of 1947, which requires the protection

of "intelligence sources and methods from unauthorized disclosure."  [ECF

23-1, at 49]; *see* 50 U.S.C. § 3024(i)(1).  The CIA released to plaintiff a cover

letter to the Perroots Memo with minor redactions, but it redacted the

entirety of the memorandum itself, identifying exemptions 1 and 3 as the

basis for the redactions.  [ECF 21-4, at 2-5].

4

2.  In October 2022, the district court granted the CIA's motion for summary judgment.  The district court observed that "[p]laintiff does not contest the applicability of [exemptions 1 and 3] on their merits."  [ECF 30, at 9].  Instead, plaintiff argued that because "the Memo's text was already made public [by the State Department] with CIA permission," the CIA had "officially acknowledged" the document and so could not withhold it.  [ECF 30, at 1, 5] (quotation marks omitted).  The focus of plaintiff's claim was therefore not the applicability of the exemptions, but "the effect of the [State Department] publication on the CIA's ability to invoke any FOIA exemptions."  [ECF 30, at 5]; *see Knight First Amendment Inst. at Columbia Univ. v. CIA*, 11 F.4th 810, 813 (D.C. Cir. 2021) ("If an agency has officially acknowledged otherwise exempt information through prior disclosure, it has waived its right to claim an exemption with respect to that information." (quotation marks omitted)).

As the district court explained, "[t]o establish official acknowledgment, a plaintiff must identify information in the public domain that (1) matches the information requested, (2) is as specific, and (3) has been made public through an official and documented disclosure."  [ECF 30, at 5-6] (quoting *Knight*, 11 F.4th at 815).  With respect to the third requirement, "a

5

disclosure by one component of an executive department may bind another component <u>within</u> the same department." [ECF 30, at 6] (quoting *Knight*, 11 F.4th at 817). But "a disclosure made by someone other than the agency from which the information is being sought" does not qualify as an official acknowledgment by the agency. *Id.* (quoting *Knight*, 11 F.4th at 816).

According to plaintiff, the "information in the [State Department] publication both matches, and is as specific as, the requested information." [ECF 30, at 6]. And the State Department's publication should be attributed to the CIA, plaintiff argued, because the State Department was required by statute to obtain the CIA's declassification review before publishing the document, and the State Department publication thanked the CIA for arranging access to the CIA's records. *Id.* (citing 22 U.S.C. § 4353(b)(1)). For these reasons, plaintiff argued, the State Department could not have published the information without the "'CIA's cooperation and involvement,'" which, plaintiff claimed, "must mean that the CIA officially acknowledged" the published information. *Id.* (quoting plaintiff's opposition to the CIA's motion for summary judgment).

6

The CIA filed classified declarations for the district court's *ex parte* and *in camera* review.[1]  After examining those declarations, "along with a copy of the requested Memo," the district court concluded that the information contained in the State Department publication "was not made public through an 'official and documented disclosure' by the CIA."  [ECF 30, at 7].  Those declarations, the court said, "confirm that the CIA—and this includes the agency and its 'components'—was not properly involved in the document's disclosure."  *Id.*  Accordingly, the district court held that the third element of the official acknowledgment doctrine was not satisfied.  *Id.*

The district court noted plaintiff's further argument that, because the document plaintiff seeks is (according to plaintiff) the same as that made public by the State Department, the CIA had to provide a "specific explanation" for its withholding, regardless of whether the CIA authorized the disclosure.  [ECF 30, at 8] (emphasis and quotation marks).  The court explained that the classified declarations "diligently explained … why [the CIA] must continue to withhold" the information plaintiff requested.  *Id.*  The district court further noted that the CIA's determination that

---

[1] The government will make the classified record available to this Court for its *in camera* and *ex parte* review.

"classification of the information is still warranted to protect 'intelligence activities' or 'intelligence sources or methods,'" a determination that is supported by "specific reasons," is the sort of predictive national security assessment to which courts defer. [ECF 30, at 8-9] (citing *Larson v. Department of State*, 565 F.3d 857, 864 (D.C. Cir. 2009)).

Because plaintiff "d[id] not contest the applicability of [exemptions 1 and 3] on their merits," the district court granted the CIA summary judgment. [ECF 30, at 9].

3. Plaintiff subsequently filed a motion to amend the judgment under Federal Rule of Civil Procedure 59(e). *See* [ECF 33]. Plaintiff asked the court to order the CIA to undertake a reclassification review of the withheld information. [ECF 33, at 1]. Plaintiff argued that because (in plaintiff's view) the State Department had already made the information public, the court's summary judgment order "sanction[ed] a reclassification" of the information without proper process. *Id.* (alteration in original; quotation marks omitted); *see* Exec. Order No. 13,526, § 1.7(c) (Dec. 29, 2009).

The district court denied plaintiff's request for three reasons. First, the executive order requiring reclassification review applied to information that previously was "'declassifi[ed] and release[d] to the public under proper

authority,'" but "[c]entral" to the district court's summary judgment opinion was the conclusion that the requested information "was <u>not</u> released to the public under proper authority." [ECF 33, at 1-2] (quoting Exec. Order No. 13,526, § 1.7(c)). Second, the court "doubt[ed] that it has the authority under FOIA" to order reclassification review. [ECF 33, at 2] And third, plaintiff's Rule 59(e) motion is "an improper vehicle" with which to seek an order compelling reclassification review. *Id.*; *see* [ECF 33, at 3] ("Having lost the battle under FOIA, [plaintiff] may not now wield Rule 59(e) to seek an entirely new remedy under a separate set of requirements.").

## SUMMARY OF ARGUMENT

In this appeal, plaintiff does not contest the district court's determination that the information the CIA withheld is exempt from disclosure under FOIA exemptions 1 and 3. The only issue is whether the district court correctly held that reliance on those exemptions has not been forfeited through official acknowledgment or because the information is allegedly public.

To establish that requested information has been officially acknowledged, a plaintiff must show, among other things, that the information has been made public through an official and documented

disclosure.  Under this Court's precedent, a disclosure is official only if it comes from the agency from which the information is sought.  This Court has recognized that this principle is especially important in the context of national security information, where the attribution of information to a particular agency can give rise to significant harms, even if the information is believed to be public already.  Accordingly, this Court has held that an agency's right to withhold information pursuant to a FOIA exemption is not forfeited by the disclosure of information by another agency.  The classified record in this case establishes that the official-acknowledgment doctrine does not override the application of exemptions 1 and 3 to the information plaintiff requested.

The allegedly public nature of the information sought also is not a basis for countermanding an agency's withholding of information pursuant to a FOIA exemption.  If being in the public domain were all that is required to defeat a claimed exemption, then the official-acknowledgment doctrine would serve no purpose because a plaintiff would never have to show that the information is public as a result of an official and documented disclosure.  In the national security context, this Court has repeatedly held that an agency may withhold information under exemptions 1 and 3 even if the information

allegedly had been made public by a private party, Congress, or another agency.  In the absence of official acknowledgment, this Court has never ordered the disclosure of public national security information.

## STANDARD OF REVIEW

As a general matter, this Court reviews "*de novo* a district court's grant of summary judgment in favor of an agency which claims to have complied with FOIA."  *Montgomery v. Internal Revenue Serv.*, 40 F.4th 702, 709 (D.C. Cir. 2022) (quotation marks omitted).  In particular, this Court reviews de novo a district court's determination that an agency has not officially acknowledged information through prior disclosure, thereby forfeiting applicable FOIA exemptions.  *Id.*

## ARGUMENT

I.    **The Classified Declarations Establish that the Withheld Information Has Not Been Officially Acknowledged**

**A.**  FOIA requires agencies to disclose requested agency records subject to enumerated exemptions.  5 U.S.C. § 552(a)(3)(A), (b).  However, "when an agency has officially acknowledged otherwise exempt information through prior disclosure, the agency has waived its right to claim an exemption with respect to that information."  *Montgomery v. Internal Revenue Serv.*, 40 F.4th 702, 710 (D.C. Cir. 2022) (quotation marks omitted).

11

"To establish official acknowledgment, a plaintiff must identify information in the public domain that (1) matches the information requested, (2) is as specific, and (3) has been made public through an official and documented disclosure." *Knight First Amendment Inst. at Columbia University v. CIA*, 11 F.4th 810, 815 (D.C. Cir. 2021) (quotation marks omitted).

With respect to the third official-acknowledgment element, this Court does "not deem 'official' a disclosure made by someone other than the agency from which the information is being sought." *Knight*, 11 F.4th at 816 (some quotation marks omitted). "[P]articularly in the arena of intelligence and foreign relations," the Court has explained, "a statement made by one in a position to know is given unique meaning and weight." *Id.* (quotation marks omitted). If information comes "from outside an agency [it] may be viewed as possibly erroneous." *Id.* (quotation marks omitted). But "confirmation by the agency itself would remove any lingering doubts." *Id.* (quotation marks omitted). Moreover, confirmation by "an intelligence agency" of information disclosed by another agency "could have an adverse effect on our relations with other countries, who might perceive themselves to be harmed by disclosure of their cooperation with United States intelligence." *Id.* (quotation marks omitted). That "would cause greater diplomatic or security

12

perils than statements by another agency on the same matter." *Id.* "For these reasons," this Court has "framed a general rule that "[d]isclosure by one federal agency does not waive another agency's right to assert a FOIA exemption." *Id.* (alteration in original; quotation marks omitted).

The rule that one agency's disclosure of information does not establish another agency's official acknowledgment is well established, and this Court has applied it "in various cases and contexts." *Knight*, 11 F.4th at 816; *see id.* (discussing cases). This Court has "recognized one limited exception to the general rule: if a public disclosure is made by an authorized representative of the agency's parent, it is official as to the subordinate agency." *Id.* (quotation marks omitted). Thus, a disclosure of one component of an Executive Branch Department may bind another component within the same Department. *Id.* at 816-17. And a public disclosure by the President, as the head of the entire Executive Branch, constitutes official acknowledgment for all Executive Branch agencies. *Id.* at 817.

**B.** In this case, the CIA withheld the information plaintiff requested under FOIA exemption 1, which excepts from disclosure properly classified information, and 3, which excepts information specifically shielded from disclosure by statute, whether or not the information is classified. [ECF 30,

13

at 2].  On appeal, plaintiff does not dispute that the information it requested

comes within those exemptions.  Opening Br. 3 n.3; *see also* [ECF 30, at 9]

("Plaintiff does not contest the applicability of [exemptions 1 and 3] on their

merits[] ….").

Instead, plaintiff's principal contention is that the CIA may not rely on

those exemptions because it officially acknowledged the requested

information by the agency's participation in the process that led to the State

Department's publication of the alleged Perroots Memo.  Opening Br. 12-14.

But because the State Department's disclosure does not qualify as official

acknowledgment by another agency, "particularly in the arena of intelligence

and foreign relations," *Knight*, 11 F.4th at 816 (quotation marks omitted), the

district court correctly held that the classified declarations filed by the

government establish that the official-acknowledgment doctrine does not

override the application of exemptions 1 and 3 in this case.

As the district court noted in response to plaintiff's argument that the

CIA had officially disclosed the alleged Perroots Memo though its

participation in the State Department pre-publication review process, the

CIA submitted "classified, *ex parte*, *in camera* declarations, including one

from Vanna Blaine, an officer in the Litigation Information Review Office,

14

and one from Donald J. Blersch, the Senior Coordinator of the Diplomatic Security Service for Security Infrastructure in the Bureau of Diplomatic Security from the State Department." [ECF 30, at 7]. Blaine's declaration "elaborat[ed] the CIA's role in the classification review process" and "explain[ed] why the CIA cannot further address this issue on the public record." *Id.* (quoting [ECF 27, at 2-3] (defendant's reply)).

Reviewing the classified declarations and a copy of the withheld information, the district court concluded that the withheld information had not been officially acknowledged. [ECF 30, at 7]. Although the district court noted "the frustration its admittedly cryptic analysis may engender," the court properly recognized that "FOIA requires it to remain parsimonious in its explanation" so as not to improperly disclose "even the smallest bit of information that is properly classified or would disclose intelligence sources or methods." *Id.* (quoting *Afshar v. Department of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983)).

This Court's own review of the classified declarations will make clear that the district court's decision is correct, and plaintiff's arguments do not call into question the propriety of applying the well-settled principle that one

15

agency's disclosure of information does not constitute official acknowledgement by another agency.

## II. The Allegedly Public Nature of the Requested National-Security Information Does Not Make It Subject to Disclosure in the Absence of Official Acknowledgment

Plaintiff alternatively argues that because the information the CIA withheld already is "preserved in a permanent public record," the CIA may not rely on exemptions 1 and 3 to avoid disclosure, regardless of whether the information has been officially acknowledged.  Opening Br. 15 (quotation marks omitted); *see* Opening Br. 15-18.  That is not the law.

First, if the public nature of information is all that is required to defeat an agency's claimed exemption, the official acknowledgment doctrine would serve no purpose because it never would be necessary for a plaintiff to show that the information "has been made public *through an official and documented disclosure*."  *Knight*, 11 F.4th at 815 (emphasis added; quotation marks omitted)).  (We note that plaintiff infers that the information the CIA withheld is the same as the information previously published by the State Department based on the fact that the CIA did not contest the matter and the district court did not discuss it.  Opening Br. 12-13, 12 n.11, 15.  But by withholding the information, the CIA has said nothing about the withheld

16

document's content except that it is exempt from disclosure under exemptions 1 and 3.)

Second, in the national security context, this Court "ha[s] unequivocally recognized that the fact that information resides in the public domain does not eliminate the possibility that further disclosures can cause harm to intelligence sources, methods and operations." *Fitzgibbon v. CIA*, 911 F.2d 755, 766 (D.C. Cir. 1990) (citing cases). For that reason, "the fact that information exists in some form in the public domain does not necessarily mean that official disclosure will not cause harm cognizable under a FOIA exemption." *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007).

In line with these principles, this Court has held that an agency may withhold national security information under exemptions 1 and 3 even if the information allegedly had already been made public by a private party, Congress, or another agency. *See Frugone v. CIA*, 169 F.3d 772, 774-75 (D.C. Cir. 1999) (citing cases); *Knight*, 11 F.4th at 816; *see also, e.g.*, *Mobley v. CIA*, 806 F.3d 568, 583-84 (D.C. Cir. 2015). Those decisions would make no sense if, as plaintiff argues, the preservation of information in a permanent public record is enough to defeat a claimed exemption. Plaintiff's reliance on *Students Against Genocide v. Department of State* is of no help because the

17

Court in that case upheld the agency's withholding despite the alleged public disclosure by a State Department official.  Opening Br. 17 (citing 257 F.3d 828 (D.C. Cir. 2001)).  Unsurprisingly, plaintiff does not identify any decision in which this Court has required disclosure of public national security information subject to withholding under exemptions 1 and 3 despite the absence of official acknowledgment—and we are aware of none.

Plaintiff identifies two decisions of this Court outside the national security context in which this Court ordered disclosure of information despite a claimed exemption, based on the public nature of the information.  Opening Br. 15-17 (discussing *Cottone v. Reno*, 193 F.3d 550 (D.C. Cir. 1999); and *Isley v. Executive Office for U.S. Attorneys*, No. 98-5098, 1999 WL 1021934 (D.C. Cir. Oct. 21, 1999)).  Those decisions are consistent with the official-acknowledgment doctrine because the requested information was evidence submitted by the Department of Justice in criminal prosecutions, and the agencies from which the information was sought are components of the Department of Justice.  Other decisions of this Court have used "public-domain doctrine" as an alternative name for the official-acknowledgment doctrine.  *See, e.g.*, *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 58 F.4th 1255, 1271-72 (D.C. Cir. 2023); *American Civil*

*Liberties Union v. CIA*, 710 F.3d 422, 426-27 (D.C. Cir. 2013).  In any event, any public domain doctrine that does not require official acknowledgment has no application in the national security context, in which this Court has unambiguously held that the public nature of the requested information is not sufficient to defeat a claimed exemption.

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's judgment.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant*
*Attorney General*

SHARON SWINGLE

*s/ Lewis S. Yelin*
LEWIS S. YELIN
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Ave. NW, Rm. 7239*
*Washington, DC 20530*
*(202) 514-3425*

May 2023

19

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,714 words as calculated by Microsoft Word. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in CenturyExpd BT 14-point font, a proportionally spaced typeface.

*s/ Lewis S. Yelin*
Counsel for Defendant-Appellee

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2023, I had the foregoing Brief for Defendant Appellee sent by first class mail to:

John Stephen Guttmann
Beveridge & Diamond, PC
1900 N Street, NW
Suite 100
Washington, DC 20036

Service on plaintiff-appellant National Security Archive's other counsel, Hilary Jacobs, was effected by the appellate CM/ECF system.

*s/ Lewis S. Yelin*
Counsel for Defendant-Appellee
